

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 4, 1973

Honorable Michael D. McKinnon          Opinion No. H- 25
Chairman Senate Sub-Committee
on Nominations                         Re:          Validity of ap-
Senate of the State of Texas                pointments to the Hospital
Austin, Texas   78711                       Licensing Advisory Council

Dear Senator McKinnon:

Article 4437f, Vernon's Texas Civil Statutes, the Texas Hospital Licensing Law, calls for the creation of a Hospital Licensing Advisory Council, to consist of nine members:  (1) Three are to be physicians licensed by the Texas State Board of Medical Examiners, "who are engaged in the active practice of medicine; one of whom shall be a member of the staff of a hospital of less than fifty (50) beds" [Sec. 13(a)].  (2) Three are to be hospital administrators "actively engaged in the field of hospital administration for a period of not less than two (2) years; one of whom shall be an administrator of a hospital with less than fifty (50) beds and one of whom shall be an administrator of a hospital with not more than one hundred (100) beds" [Sec. 13(b)].  (3) The remaining three are to represent the general public [Sec. 13(c)].  The term "hospital administrator" is not defined, but see the definition of "nursing home administrator" in Article 4442d, §2.

Your letter points out that five of the nominees are doctors, two are administrators and two private individuals.  Two of those who are doctors are also hospital administrators.

We call your attention to Attorney General Opinion H-4, issued February 6, 1973, in which we concluded that the requirement of another statute that an appointee be "an active practicing physician or surgeon" means one who is active and practicing; one who actually diagnoses, treats or offers to treat mental or physical diseases or disorders; and who devotes sufficient time to the practice of medicine as to be identified in his com-

munity as an active practitioner. We noted that it was not uncommon for a person to be an active practicing physician and at the same time devote a large portion of his energies to administering a clinic or small hospital, and that the two professions were not necessarily mutually exclusive.

Whether or not an individual meets the qualifications for appointment is a question of fact to be determined, in the first instance by the appointing authority, and in the second, by the Senate in confirming the appointments. The requirements are affirmative and we see no reason, for instance, why a person qualified as a physician member should be disqualified because he is, at the same time, a hospital administrator, or vice versa, so long as he could represent the group for which he was appointed.

Similarly, whether or not physicians or hospital administrators would qualify as members of the public, would depend upon their ability to represent the public viewpoint and not that of their profession.

## S U M M A R Y

Article 4437f, Section 13, Vernon's Texas Civil Statutes, requires that the Hospital Licensing Advisory Council be composed of three physicians, three hospital administrators, and three persons to represent the general public. The requirements are affirmative and an individual may qualify for one of the positions even though he may also qualify for one of the others. Whether or not an individual meets the requirements for appointment is a question of fact upon which we can express no opinion.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee